[L. A. No. 4425.   In Bank.—August 4, 1916.]

DAN CLEMMONS et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

RAILROAD COMMISSION—CERTIORARI—ISSUANCE OF WRIT—OBJECTION TO JURISDICTION OF COURT—REHEARING BEFORE COMMISSION.—The issuance by the supreme court of a writ of *certiorari* to review an order of the State Railroad Commission does not preclude the commission from continuing to insist, as it did in response to the order to show cause why the writ should not issue, that its order could not be reviewed by the court because timely application had not been made to the commission itself for a rehearing. Such an objection goes to the jurisdiction of the court and may be raised at any stage of the proceedings.

ID.—CONSTITUTIONAL LAW—LIMITATIONS ON COURTS' CONTROL OVER ACTS OF COMMISSION.—The limitations imposed by section 67 of the Public Utilities Act upon the control of the courts of this state over the acts of the railroad commission are valid, in view of the constitutional grant (Const., art. XII, sec. 22) to the legislature of authority to confer powers upon the railroad commission, such authority being "expressly declared to be plenary and unlimited by any provision of this constitution."

ID.—REHEARING BY COMMISSION—APPLICATION FOR ESSENTIAL TO RIGHT OF REVIEW BY COURTS—APPLICATION NOT MADE IN TIME.—Under section 66 of the Public Utilities Act, requiring an application to be made to the commission for a rehearing prior to the effective date of its order or decision, as a condition precedent to the accrual of a cause of action arising out of such order or decision, water con-

sumers lost their right to apply to the state courts for the review of an order of the commission raising the rates chargeable by a water company, which order was made in a proceeding instituted by the company itself, where no application for a rehearing by the commission was made until twenty-nine days after the date fixed by the order as that on which it should go into effect.

ID.—PROCEEDING INSTITUTED BY PUBLIC UTILITY—SERVICE OF ORDER.— The provision of section 61a of the act, that orders of the commission do not take effect until twenty days after service of such orders, is not applicable to an order made in a proceeding instituted by the public utility itself raising the rates chargeable by it.

ID.—COMMISSION MAY FIX EFFECTIVE DATE OF ORDERS.—In the absence of any provision to the contrary in the statute, the commission may provide in its discretion for the time when its orders shall take effect, even if the time fixed is so short as to render it impossible to petition for a rehearing.

ID.—LIMITATIONS ON REVIEW OF ACTS OF COMMISSION.—The legislature might have withheld from the courts of the state any power of reviewing the acts of the commission, and the power of review which is given must be exercised within the limits and upon the conditions which the legislature has seen fit to fix.

APPLICATION for a Writ of Certiorari to review an order of the Railroad Commission of the State of California.

The facts are stated in the opinion of the court.

James Donovan, and F. E. Davis, for Petitioners.

Douglas Brookman, for Respondents.

SLOSS, J.—This is a proceeding brought to review an order of the railroad commission. Tujunga Water and Power Company, a corporation engaged in supplying water in certain territory in the county of Los Angeles, applied to the commission for an increase of rates. Certain consumers, including the petitioners above named, appeared and resisted the application. After a hearing the commission, on July 8, 1915, made and filed its order establishing a schedule of rates greater than those theretofore in force. The order contained a provision that the authorized schedule be put into effect on and after July 15, 1915.

On August 13, 1915, Dan and William Clemmons, petitioners herein, filed with the commission their application for a rehearing. The rehearing was denied on various grounds, one

of them being that the application had not been presented within the time allowed by law. The applicants petitioned this court for a writ of *certiorari.*

In the first instance, we issued an order to show cause why a writ of *certiorari* should not issue. In response to this order, the commission raised the objection that its order could not be reviewed here because timely application had not been made to the commission itself for rehearing. (Public Utilities Act, sec. 66.) On the return day of the order to show cause, the court directed the issuance of a writ of *certiorari* and return to this writ has been duly made.

Notwithstanding our order that a writ issue, the respondents are not precluded from continuing to insist, as they do, upon their preliminary objection raised in response to the order to show cause. In ordering the issuance of the writ of *certiorari* we did not finally pass upon the merits of this objection. In any event, the point goes to the jurisdiction of the court and it may, therefore, be raised at any stage of the proceedings.

The Public Utilities Act (sec. 67) provides that "within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on rehearing, the applicant may apply to the supreme court of this state for a writ of *certiorari* or review . . . for the purpose of having the lawfulness of the original order or decision, or the order or decision on rehearing inquired into and determined." The same section, after defining the scope of such writ of review, declares that "no court of this state (except the supreme court, to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; provided that the writ of mandamus shall lie from the supreme court to the commission in all proper cases."

The validity of these limitations upon the control of the courts of this state over the acts of the railroad commission was definitely settled in *Pacific Tel. & Tel. Co.* v. *Eshleman,* 166 Cal. 640, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119]. All of the justices who took part in the decision of that case agreed that the conclusion just stated was the

necessary consequence of the constitutional grant to the legislature of authority to confer powers upon the railroad commission, such authority being "expressly declared to be plenary and unlimited by any provision of this constitution." (Const., art. XII, sec. 22.) Section 66 of the Public Utilities Act provides that "No cause of action arising out of any order or decision of the Commission shall accrue in any court to any corporation or person unless such corporation or person shall have made, before the effective date of said order or decision, an application to the commission for a rehearing." Since in the case at bar "the effective date" of the order complained of was, by the order itself, declared to be July 15, 1915, and since application for rehearing was not made until twenty-nine days after that date, it follows that the petitioners have lost their right to apply to this court or to any court of this state for a review of the action of the commission.

The petitioners seek to escape the effect of this reasoning by the contention that, under section 61a of the act, orders of the commission do not take effect until twenty days after service of such orders. It is claimed, and the evidence seems to support the claim, that there was no service of the order in this case upon these petitioners or their attorney until within twenty days prior to the filing of the application for rehearing. We are satisfied, however, that the provision of section 61a thus relied upon by the petitioners has no application to the present case. Section 60 provides for the making of complaint, by the commission of its own motion, or by any person interested, against any public utility. Such complaint is to be served by copy upon the corporation or person complained of and time is to be set for the hearing. Section 61a, which immediately follows, begins by providing for a hearing at the time so fixed. It then goes on to provide for the order of the commission and states that a "copy of said order certified under the seal of the commission shall be served upon the corporation or person complained of, or his or its attorney. Said order shall of its own force take effect and become operative twenty days after the service thereof, except as otherwise provided. . . . "

These provisions in section 61a have reference to an order made after the hearing contemplated in that section, and such hearing clearly is one following a complaint presented under

section 60. Sections 60 and 61a both deal with a proceeding initiated by complaint against a corporation or person conducting a public utility. Neither section has any reference to a proceeding like the present, where the public utility itself has instituted a proceeding before the commission, and is seeking relief which may affect all of its numerous patrons. The soundness of this distinction is made quite apparent by a consideration of the next succeeding section (62), which deals specifically with proceedings initiated by public utilities for the purpose of getting some affirmative relief. This section provides for complaints by public utilities, and authorizes the commission to hear such complaints *ex parte* or after service upon such parties as may be designated by the commission. In such proceedings, the many consumers or other members of the public who may be affected are not included in the term "the corporation or person complained of," as used in section 61a, and that section has no application. Where, as in this case, a public utility seeks to have its rates raised, every consumer is as much a person complained of as is any other. If the petitioners' contention be sound, an order authorizing an increase of rates would not be effective until twenty days after service of the order upon every consumer. We do not think this is the intent of the statute, or within a fair interpretation of its terms.

In the absence of any provision to the contrary in the statute, we see no reason to doubt that the commission may provide in its discretion for the time when its orders shall take effect. It is urged by the petitioners that the commission might fix so short a time that it would be impossible to petition for a rehearing, and might thereby deprive a party aggrieved of any right to resort to the courts for redress. But the answer to this is that the legislature might have withheld from the courts of the state any power of reviewing the acts of the commission. (*Pacific Tel. & Tel. Co.* v. *Eshleman,* 166 Cal. 640, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119].) The power of review which is given must be exercised within the limits and upon the conditions which the legislature has seen fit to fix.

The necessary result of the foregoing discussion is that the failure of the petitioners to ask the commission for a rehearing within the time allowed by the statute bars them of any

right to ask this court to review the order complained of. There is, therefore, no occasion, and it would be improper, to inquire into the merits of the attack made upon the order of the commission. That order has become final, so far as the power of this court to review it in *certiorari* is concerned.

The proceeding is dismissed.

Shaw, J., Melvin, J., Henshaw, J., Lorigan, J., and Lawlor, J., concurred.