[S. F. No. 7873. In Bank.—May 27, 1918.]

MARIN MUNICIPAL WATER DISTRICT (a Public Corporation), Respondent, v. NORTH COAST WATER COMPANY (a Corporation), et al., Appellants.

COURTS—JURISDICTION — WAIVER.—Jurisdiction of the subject · matter cannot be conferred upon a tribunal by consent, and it follows that parties cannot make an effective waiver of such lack of jurisdiction.

PUBLIC UTILITIES ACT—RAILROAD COMMISSION—REVIEW OF DECISIONS— LIMITATION ON POWER OF COURTS.—Sections 66 and 67 of the Public Utilities Act, providing that any party interested in an order or decision of the railroad commission may petition for a rehearing, and that, if such rehearing is denied, application may be made to the supreme court for a writ of review, and that no court of the state except the supreme court, to the extent specified, "shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission," are valid limitations upon the powers of the courts of the state.

ID.—EMINENT DOMAIN—RAILROAD COMMISSION'S DECISION—WAIVER OF OBJECTION.—The failure of one whose property is taken for public uses under the provisions of the Public Utilities Act to apply to the railroad commission for a rehearing, or, in the event of .its

denial, for a review by the supreme court, operates as a waiver of any objection to any order or decision of the commission, except perhaps the one that the order of the commission is absolutely void on its face.

APPEAL from a judgment of the Superior Court of Marin County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

Charles S. Wheeler, and John F. Bowie, for Appellants.

George H. Harlan, and Curtis H. Lindley, for Respondent.

SLOSS, J.—The defendants appeal from a judgment in condemnation. The case presents a situation very similar to that discussed in the opinion which we have just filed in *Marin Municipal Water District* v. *Marin Water & Power Co., ante,* p. 308, [173 Pac. 469]. In the present action, the Marin Municipal Water District sought to acquire the property of North Coast Water Company, comprising the system devoted to supplying water to the towns of Mill Valley and Belvedere, together with surrounding territory, in the county of Marin. Here, as in the Marin Water and Power Company case, the plaintiff had applied to the railroad commission for a valuation of the property under the terms of section 47 of the Public Utilities Act (as amended in 1913, [Stats. 1913, p. 683]), and the commission had made its decision, finding the just compensation to be paid for the lands, property, and rights to be purchased. The value of this appellant's property was fixed at two hundred and eighty-nine thousand two hundred dollars. In the ensuing proceeding for condemnation, this sum was taken as conclusively establishing the amount of compensation to be paid to the North Coast Water Company, and judgment was entered accordingly. Certain additions had been made to the plant after the railroad commission had made its finding of value, and the parties stipulated that these additions should be taken over by the plaintiff at an agreed value of some one thousand five hundred dollars, if the plaintiff should ultimately succeed in establishing its right to acquire the original plant at the price fixed by the railroad commission.

The main point of controversy, in both condemnation suits, turned on the validity of the scheme provided by section 47 of

the Public Utilities Act. It was claimed by the respective water companies that the provisions of this section were in violation of both the state and the federal constitutions. In each instance, the proceeding before the railroad commission was commenced, and the evidence taken, before the adoption of section 23a of article XII of the constitution, which expressly confirmed and validated the prior legislation (i. e., section 47 of the Public Utilities Act), undertaking to confer upon the railroad commission power to find, for purposes of condemnation, the value of property to be taken in cases like this. The findings were, however, made after the change in the constitution. This constitutional amendment "removes all doubt of the present validity of the said amendment of section 47," so far as any objection based upon the terms of the state constitution is concerned. (*Marin Water & Power Co.* v. *Railroad Commission,* 171 Cal. 706, 710, [Ann. Cas. 1917C, 114, 154 Pac. 864].) The claim that the scheme embodied in that section is in violation of the federal constitution is met and answered by our decision in *Marin Municipal Water District* v. *Marin Water & Power Co., ante,* p. 308, [173 Pac. 469].

That decision virtually disposes of every point here involved, with one exception. The point thus remaining is one which arises, not so much from any difference in the essential facts in the two cases, as from the different modes in which the controversies have been conducted by the respective defendants and appellants. The present appellant maintains that, under the constitution as it read prior to the adoption of section 23a of article XII, the legislature was not authorized to confer upon the railroad commission power to make a conclusive finding of value for condemnation purposes, as provided by section 47 of the Public Utilities Act; that, inasmuch as the proceeding was initiated and the hearing of evidence concluded before the adoption of the confirmatory provision of the constitution, all of the steps taken under the supposed authority of section 47 were *coram non judice* and void, and that, accordingly, the commission's finding of value should not have been admitted in evidence, and *a fortiori* should not have been given conclusive, or any, effect. We shall, for present purposes, assume, without deciding, that the appellant is correct in its claim that the constitution, as it read prior to the amendment of section 47 of the Public Utilities Act, did not authorize the grant of the powers specified in that section.

It will be observed that the point that the action of the commission was totally void, because the proceeding was commenced before the amendment of the constitution, would have been equally available to the Marin Water and Power Company.    But that corporation did not take this position.    It applied for and obtained a writ of *certiorari* to review the decision of the railroad commission fixing the value of its property for purposes of the proposed condemnation.    In that proceeding, however, it expressly waived any objection that might be urged because of the enactment of section 47 before the amendment of the constitution.    (*Marin Water & Power Co.* v. *Railroad Commission,* 171 Cal. 706, 711, [Ann. Cas. 1917C, 114, 154 Pac. 864].)    This court, in the proceeding for review, affirmed the determination of the railroad commission.    In the course of the opinion it dealt with the matter of the waiver of this objection in a manner to which we shall advert further.    The present appellant, on the other hand, did not seek to attack the decision and finding of the railroad commission by *certiorari* or otherwise.    After contending, before the commission, that the proceeding there was unauthorized, it allowed the decision of the commission to become final, so far as any direct attack was concerned, and contented itself thereafter with urging, on the trial of the present action, its objections to the commission's finding when that finding was presented as a basis for an adjudication of value in the condemnation suit now before us.    Its right to take this position must rest upon the premise that the finding (or decision) of the commission was absolutely void as beyond the jurisdiction of the commission, because, although such decision was made at a time when power to make it was vested in the commission, the proceeding had been instituted and 'the testimony taken before the adoption of the constitutional provision confirming the grant of power which the legislature had theretofore attempted to make.    We think, however, that this premise cannot be accepted without departing from our ruling in *Marin Water & Power Co.* v. *Railroad Commission, supra.* As we have already suggested, the petitioner there waived the objection now urged by this appellant.    In that connection we said, in our opinion, that "we have no doubt that the petitioner may effectually waive a matter of that character." While the question was not discussed at length, the expression just quoted necessarily involves a holding that the objection

was one that did not go to the commission's jurisdiction of the subject matter at the time the finding in question was made. For, if the commission was absolutely without power to make a finding in a proceeding instituted and partially heard before the constitutional confirmation of section 47, the want of power could not be waived. It is the universal rule that jurisdiction of the subject matter cannot be conferred upon a tribunal by consent, and it follows that the parties cannot make an effective waiver of a lack of such jurisdiction. (7 R. C. L. 1043.) The necessary import of our holding in the *certiorari* proceeding brought by Marin Water and Power Company was, therefore, that where, at the time the decision was made, the law had vested the commission with authority to make it, the fact that the finding was based upon a proceeding instituted, and testimony heard, before the law purporting to vest jurisdiction in the commission had become valid and effective. was a matter going to the regularity and propriety of the procedure leading to the finding, rather than to the fundamental jurisdiction to make the finding itself. Adhering to the view thus taken in the *certiorari* proceeding, we must hold that this appellant, also, has waived the right to object to the premature institution and hearing of the proceeding to fix the value of its property to be taken. It is true that it did not at any stage make an express waiver. But by failing to ask the commission for a rehearing, or to apply to this court for a writ of review, it permitted the commission's decision to become final, so far as the law could make it so. Under section 66 of the Public Utilities Act, any party interested in an order or decision made by the commission may petition for a rehearing, and, under section 67, if such rehearing is denied, application may be made to this court for a writ of review, for the purpose of having the lawfulness of the order or decision inquired into and determined. No court of this state except the supreme court, to the extent specified, "shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission." These are valid limitations upon the powers of the courts of this state. (*Pacific Tel. & Tel. Co.* v. *Eshleman,* 166 Cal. 640, [Ann. Cas. 1915A, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119]; *Clemmons* v. *Railroad Commission,* 173 Cal. 254, [159 Pac. 713].) The failure to apply for such rehearing, or, in the event of its denial, for a review by the supreme court, must necessarily, therefore, operate as a

waiver of any objection, except, perhaps, the one that the order of the commission is absolutely void on its face. But the decision here in question was not so void. It was rendered at a time when the commission had jurisdiction to make such an order, and it did not show on its face that any of the proceedings leading to it had been taken before the adoption of the constitutional amendment.

There is, therefore, no substantial distinction between this case and that of Marin Water and Power Company, and the result here must be that reached in the other case.

The judgment is affirmed.

Shaw, J., Melvin, J., Wilbur, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.