[Crim. No. 146. Fourth Appellate District.—August 12, 1932.]

In the Matter of the Application of J. O. BRAY for a Writ of Habeas Corpus.

Lindsay & Gearhart for Petitioner.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent.

THE COURT.—This is a proceeding in *habeas corpus* to test the validity of an order of the Railroad Commission made February 23, 1932, adjudging petitioner guilty of contempt and committing him to the county jail of Fresno County. Said order grew out of proceedings before said commission in connection with the operation by petitioner of an automobile truck line as a common carrier of property, for compensation, over the public highways between Los Angeles and Fresno, without having received a certificate of public convenience and necessity therefor. After a hearing before said commission a "cease and desist" order, dated February 16, 1931, was made by the commission, whereby petitioner was ordered to discontinue the operation of said truck line. Said order did not direct that it be served upon petitioner herein. It was made effective by its own terms twenty days from the date thereof. The commission found that petitioner had personal knowledge of said order and its contents prior to April 7, 1931, and that he violated its provisions by the operation of said truck line on the sixth, fifteenth and seventeenth days of April, 1931. The commitment was issued pursuant to said findings. Application was made by petitioner to the Supreme Court for writ of *certiorari* to test the validity of said order. Said application was denied May 18, 1931. (*Bray* v. *Railroad Commission*, minutes of May 18, 1931, vol. 81 Cal. Dec., No. 4291.) Petitioner was served with a copy of said order on but not before September 15, 1931.

No question is raised as to the jurisdiction of the Railroad Commission to punish for contempt. (*Van Hoosear* v. *Railroad Commission*, 189 Cal. 228 [207 Pac. 903].)

It is contended that the imprisonment imposed is illegal because of the fact that petitioner was not served with a copy of said order before the time when it was found that he violated the provisions thereof.

Section 61 of the Public Utilities Act (Stats. 1915, pp. 115, 158) provides in respect to such an order: "A copy of such order, certified under the seal of the commission, shall be served upon the corporation or person complained of, or his or its attorney. Said order shall,

of its own force, take effect and become operative twenty days after service thereof, except as otherwise provided . . . '' It will be seen that while the statute provides that a certified copy of the order shall be served, it is further provided in effect that the order may become operative without service thereof if so ordered by the commission. Such was the view of the court in *People* v. *Hadley,* 66 Cal. App. 370 [226 Pac. 836]. It was there said, at page 378 of the decision: ''There is nothing in the act itself which requires service upon any person of any order of the commission before it shall become operative.'' We think the clause ''except as otherwise provided'' refers to a provision to be incorporated into the order of the commission as to the effective date thereof and not to any exception otherwise provided in the statute. We find no exception otherwise provided in the statute. It was stated in *Clemmons* v. *Railroad Commission,* 173 Cal. 254 [159 Pac. 713, 714]: ''In the absence of any provisions to the contrary in the statute, we see no reason to doubt that the commission may provide in its discretion for the time when its orders shall take effect.''

The commission had jurisdiction to provide in said order that it should become effective twenty days from its date; and we hold that said order was effective twenty days from its date without service thereof upon petitioner.

In said case of *People* v. *Hadley, supra,* the defendant was accused by information with the violation of an order of the Railroad Commission. There was neither allegation of service of the order nor of previous knowledge on the part of the defendant of its provisions, although the order of the commission, set forth at length in the information, directed that a certified copy thereof be served upon the respondent (Hadley) by registered mail. A demurrer to the information was sustained and the order upheld on appeal. The court held that, under such circumstances, service of the order upon the defendant was necessary. Petitioner relies upon the following language quoted from the opinion in said case: '' . . . it would appear that in this matter an allegation of service upon the defendant of a certified copy of the order of the commission prior to the date of the alleged disobedience of such order is absolutely essential to the maintenance of the action

against him. It is a part of the foundation of the statement of the offense, and without proof of such service the court is without jurisdiction." Said language is not applicable here for the reason that the order of the commission did not direct service thereof upon petitioner. Said decision recognizes and cites several California cases in support of the rule that, before one may be punished for contempt because of the violation of an order of court, it is essential that it be shown that such person had actual knowledge of the order or that service thereof had been made upon him. In each of the cases of *Mitchell* v. *Superior Court*, 163 Cal. 423 [125 Pac. 1061], *In re Grigoris*, 99 Cal. App. 455 [278 Pac. 873], *Ex parte Brown*, 66 Cal. App. 534 [226 Pac. 650], *Berger* v. *Superior Court*, 175 Cal. 719 [15 A. L. R. 373, 167 Pac. 143], and *In re Mason*, 69 Cal. App. 598 [232 Pac. 157], a judgment of guilt of contempt of court was upheld upon proof of previous knowledge of the provisions of the order of court, in the absence of proof of service thereof.

Petitioner also cites and relies upon a line of cases holding that a party to an action is entitled to written notice of entry of judgment in order to set in motion the period within which a notice of intention to move for a new trial may be served and filed. Such cases are not in point. The statute requires service of written notice of entry of judgment to set said period in motion. (Sec. 659, Code Civ. Proc.) But said notice need not be given to start the running of the period within which an appeal may be taken (*Lawson* v. *Guild*, 215 Cal. 378 [10 Pac. (2d) 459]).

While the question of whether an order has been served is involved sometimes as a matter of evidence in establishing knowledge of the provisions thereof, except in cases where service is required by order or statute, it becomes unimportant whether such order has or has not been served if knowledge thereof is established otherwise. The object of service of an order being to give knowledge of its contents, ordinarily proof of knowledge of the provisions thereof will suffice for proof of service.

Since the order involved herein did not direct that it be served upon petitioner, but was made effective by its own terms twenty days from its date, we hold that the Rail-

road Commission had jurisdiction to adjudge petitioner guilty of contempt upon proof of his previous knowledge of the provisions thereof and of its violation, notwithstanding said order had not been previously served upon him.

We have examined the other points raised by petitioner and find no merit in any of them.

The writ is discharged and petitioner is remanded to the custody of the sheriff of Fresno County.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 24, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 8, 1932, on the ground said cause is not one within the purview of section 1506 of the Penal Code.