300 P.2d 600

UNION PACIFIC RAILROAD COMPANY, a corporation, Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF UTAH, et al., Defendants.

W. S. HATCH COMPANY, a Utah Corporation, Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF UTAH, et al., Defendants (two cases).

Nos. 8357, 8359 and 8360.

Supreme Court of Utah.

Aug. 6, 1956.

Earl D. Tanner, Fred L. Finlinson, A. U. Miner, David E. Salisbury, Harry D. Pugsley, Salt Lake City, for respondent.

No. 8359.

Marr, Wilkins & Cannon, Mark K. Boyle, Earl D. Tanner, Salt Lake City, for appellant.

E. R. Callister, Atty. Gen., Peter M. Lowe, Fred L. Finlinson, A. U. Miner, Salt Lake City, for respondent.

TUCKETT, District Judge.

These cases are before the Court to review the orders of the Public Service Commission issued in each case. The cases were consolidated for argument and the Court's opinion will apply to all three cases.

W. S. Hatch Company, a corporation, the plaintiff in Case No. 8359, on January 10, 1951, filed an application with the Commission for a certificate of convenience and necessity authorizing it to operate as a common carrier by motor vehicle for the transportation of acid in bulk from and to all points and places within the State of Utah. This application was granted as to Salt Lake County and some adjoining territory and denied as to the balance of the State. On August 19, 1953, W. S. Hatch Company again applied for this authority

No. 8357.

Bryon P. Leverich, M. J. Bronson, A. U. Miner and Marvin J. Bertoch, Salt Lake City, for appellant.

Marr, Wilkins & Cannon, Mark K. Boyle, Earl D. Tanner, Salt Lake City, E. R. Callister, Atty. Gen., for respondent.

No. 8360.

Marr, Wilkins & Cannon, Mark K. Boyle, Salt Lake City, for appellant.

to all points and places within the State. After hearing the Commission issued another report and order granting the application in part and denying it in part. Thereafter the Commission issued another report and order granting the application in part and denying it in part.

On June 24, 1942, the Commission issued a permit (contract carrier) to Guy Prichard permitting him to transport salt, sulphuric acid and other commodities from Thompson to Monticello. On December 7, 1946, a certificate of convenience and necessity (common carrier) was issued to Prichard authorizing him to transport commodities which by virtue of their size, weight or shape required special handling, and certain other commodities which required special service, where the point of origin or destination was in Carbon, Emery, Duchesne, Uintah, Grand or San Juan Counties. In 1949 Prichard's certificate was amended by adding the words "or minerals." On May 13, 1949, Prichard's authority under his permit (contract carrier) was cancelled at his request. Prichard continued to haul salt and sulphuric acid under his certificate (common carrier) as amended.

On August 19, 1953, W. S. Hatch Company made application to enlarge its rights to haul acid by motor vehicle to include authority to transport acid to and from all places in the State of Utah. Prichard appeared as a protestant, along with Union Pacific Railroad Company, the Denver and Rio Grande Western Railroad Company, and Ashworth Transfer Company. W. S. Hatch Company challenged Prichard's right to appear as a protestant.

After hearing on February 23, 1954, the Commission issued its order and report extending Hatch's authority to haul acid in Davis and Weber Counties but denied its application in other respects. The Commission in that report found that public convenience and necessity required additional facilities for the transportation of acid to the southeastern part of the State.

The Commission based its report upon the premise that Prichard's authority included the right to haul acid in the counties covered by his certificate. That order and report was reviewed by this Court in W. S. Hatch Company v. Public Service Commission, 3 Utah 2d 7, 277 P.2d 809, 814. In that case the Court held that the certificate issued to Prichard did not authorize the transportation of acid. The Court in that case said:

"It does appear from the record that Mr. Prichard formerly had a contract carrier's permit to do some hauling of acid; that upon the issuance of his common carrier's certificate the permit was cancelled; and that for some years since, he has, with the sanction and approval of the Commission, continued to transport acid. While it is not strictly germane to the issue before us, we opine that if he is to continue to trans-

port acid under his certificate, it is desirable, as the Commission has suggested, that proper steps be taken to clarify his authority so that all concerned will know what his rights are."

Thereafter Prichard filed with the Commission a petition which was entitled "Petition To Clarify By Amendment." It is important to note that, regardless of title, the substance of the petition was a request to have his authority include the hauling of salt and acid in bulk throughout the State. The matter was combined with two applications of the W. S. Hatch Company for the same authority and all three cases were set for hearing by the Commission on January 24, 1955. Due notice was given to the applicants and all interested parties, all of whom appeared and participated in the hearing.

Pursuant to the proceedings at such hearing the Commission issued its report and order amending Prichard's certificate by adding to the commodity lists "Salt in bulk and acid in bulk in tank trucks." On the same day the Commission issued an order granting W. S. Hatch Company authority to transport acid in bulk in all of the State of Utah except San Juan and Grand Counties.

W. S. Hatch Company complains the order should not have omitted the two counties above named, and the Union Pacific Railroad Company complains that the order should not have included the rest of the State.

It is charged that since Prichard's petition was entitled "A Petition To Clarify By Amendment" that it was therefore a proceeding under Section 54–7–13, U.C.A.1953, which provides as follows:

"The commission may at any time, upon notice to the public utility affected and after opportunity to be heard as provided in the case of complaints, rescind, alter or amend any order or decision made by it. Any order rescinding, altering or amending a prior order or decision shall when served upon the public utility affected have the same effect as is herein provided for original orders or decisions."

The contention is that this statute was not intended to be used for granting new authority and that since this court in its prior decision ruled that Prichard had no authority to haul acid, the procedure here followed was not authorized by law. The above contention is without merit. While it may be true that procedure by amendment under such section was not intended to be used to initiate entirely new authority, the legislature plainly intended to confer on the Commission power to amend its decisions and orders. It cannot be supposed that there would be any necessity for amendment unless some ambiguity or uncertainty existed, as did in fact exist

in the instant case. To hold otherwise would seem to eliminate the possibility of the Commission correcting inadvertences or errors at a later time as the statute provides.

There is a further reason why the contention of appellants could not properly be used as a basis for reversal of the Commission's order. There was nothing in Prichard's petition (except the title) to indicate that its application was limited solely to amendment, and nowhere was reference made to the specific section, 54–7–13. Regardless of the title of the petition, or even of the section of statute which appellants claim Prichard was proceeding under, the law is more concerned with substance than with labels or titles. As previously pointed out, the notices of these hearings, which were duly served upon the parties, plainly indicated that Prichard was seeking the right to haul acid throughout the state and the hearing was conducted on that premise. All of the interested parties, including appellants, appeared and participated therein. Under such circumstances, we find no procedural error in the Commission's consideration of Prichard's petition.

■ . The Union Pacific Railroad Company in case No. 8357 urges that the Court set aside the order of the Commission granting to W. S. Hatch Company authority to transport acid in bulk in motor vehicles to all points and places in the State of Utah other than San Juan and Grand Counties. The grounds of that contention are that the order is not supported by the evidence and that the Commission failed to regularly pursue its authority.

Concerning the contention that the orders of the Commission should be vacated because they are not supported by the record: The Commission had before it the record and the evidence of the prior proceedings, and it was clearly understood by all parties that it was being considered as bearing upon the issues in the instant proceeding. Appellants themselves made reference to and relied on matters therein, and there was no objection to such procedure, nor was any party precluded from presenting any evidence it desired. As stated in Spencer v. Industrial Comm., 4 Utah 2d 185, 290 P.2d 692, such a consideration of the record made in prior proceedings of the same parties is not improper where it creates no procedural disadvantage to the parties affected.

The legislature has clothed the Commission with plenary power to determine public convenience and necessity and to decide what common carriers shall render the service. The findings and conclusions of the Commission on questions of fact are subject to review by this court only to determine if they find substantial support in the record. Section 54–7–16, U.C.A.1953; Salt Lake City v. Utah Light & Traction Co., 52 Utah 210, 173 P. 556, 3 A.L.R. 715;

Mulcahy v. Public Service Commission, 101 Utah 245, 117 P.2d 298; Los Angeles and Salt Lake Railroad Company v. Public Utilities Commission, 80 Utah 455, 15 P.2d 358.

The Court finds that the assignments of error are without merit and the orders of the Public Service Commission are affirmed. Costs to defendants.

————◆————

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

HENRIOD, J., having disqualified himself does not participate herein.