**BOWEN TRUCKING, INC., et al., Plaintiffs,**

v.

**PUBLIC SERVICE COMMISSION of Utah et al., Defendants.**

**No. 14533.**

Supreme Court of Utah.

Jan. 19, 1977.

---

William S. Richards, D. Michael Jorgensen, of Nelson, Harding, Richards, Leonard & Tate, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Brinton R. Burbidge, Asst. Atty. Gen., for defendants.

---

**4.** *State v. Garfield*, Utah, 552 P.2d 129 (1976).

**5.** *State v. Plum*, note 3, supra.

C. Reed Brown, Ben E. Rawlings, of Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for Duane Hall.

MAUGHAN, Justice:

Here for review is an order of the Public Service Commission. The order removed a restriction on the operating rights of Hall Trucking, Inc., a contract carrier. Protestants contend this order of March 3, 1976, was made without jurisdiction and must be set aside.

The action of the Commission is in consonance with the law. We affirm. No costs awarded.

Hall made application to the Commission for transfer of the operating rights of B & M Service, Inc., a contract carrier. January 6, 1975, the Commission issued an order transferring the operating rights, but the authorization was restricted to a continuing contract with Shell Oil. On June 13, 1976, Hall filed a petition for rehearing; on the ground the restriction deprived Hall of the transfer of authority, for which it had bargained and paid. August 1, 1975, the Commission denied the petition for rehearing on the ground Sec. 54–7–15, was controlling, and it was without jurisdiction to entertain the petition. However, the Commission expressed the opinion there was sufficient reason set forth in the petition to merit a rehearing.

■ August 6, 1975, this court handed down its decision in *Murphy v. Public Service Commission.*[1] There we held that in a proceeding for transfer of a contract carrier permit, the relevant issue was the qualifications of the prospective holder to render the public services. Upon transfer of an existing permit, the applicant need not prove the requirements set forth in Sec. 54–6–8, for initiating a contract carrier permit.

Hall filed a motion to reopen September 9, 1975, alleging the *Murphy* decision reversed the prior ruling of the Commission, and Hall was entitled to a transfer of the permit; without the imposed restriction. The motion asserted the order of the Com-

mission was predicated on a mistake of law and fact and relief was sought under Rule 60(b), U.R.C.P.

The Commission granted the motion to reopen on January 14, 1976. It cited the *Murphy* case, and stated the effect was to reverse the prior ruling of the Commission. The prior ruling required an applicant, for the transfer of a contract carrier permit, to demonstrate existing transportation facilities did not provide adequate or reasonable service.

The motion to reopen was granted, the Commission said, because of the erroneous assumption of the Commission and the parties, concerning the status of the law regarding transfer of permits. Such assumption resulting in an inequity for Hall. The Commission was of the opinion it could not reopen under Sec. 17.3 of Rule 17 of the Commission's Rules of Practice and Procedure, because it deemed said rule operable only after a hearing was closed, and prior to a decision. It expressed the view that Rule 60(b)(7), U.R.C.P., could be utilized to prevent an inequity, which would result, if the matter were not reopened for further hearing.

Following a scheduled hearing, an order was issued March 3, 1976, granting a transfer of the full operating authority of B & M Service, Inc. to Hall. Plaintiffs contend this order should be set aside.

■ Plaintiffs assert the original order was final and any action by the Commission subsequent to that date (January 6, 1975) was without jurisdiction. Plaintiffs' argument is predicated on Sec. 54–7–15, since Hall did not timely file a petition for rehearing.

. . . No cause of action arising out of any order or decision of the commission shall accrue in any court to any corporation or person unless such corporation or person shall have made application to the commission for a rehearing before the effective date of such order or decision, or, if such order or decision be-

---

**1.** Utah, 539 P.2d 367 (1975).

comes effective prior to twenty days after its date, before twenty days after the order or decision. . . .

In *Fuller-Toponce Truck Co. v. Public Service Commission* [2] we observed that Sec. 54–7–15 was patterned after the Public Utilities Act of California of 1915, Deerings General Laws of California, 1915, Act 2886, Sec. 66. We followed the general rule that where statutes of other states are adopted, it is assumed the construction placed thereon by the courts of such state was also adopted.

The California courts have interpreted their statute (Sec. 66), which is of similar import to Sec. 54–7–15, to mean that upon failure of a party to make a timely application for rehearing, thereafter the party is precluded from seeking a review of the action of the Commission in any court.[3]

■ Plaintiffs' contention that the Commission lost jurisdiction because this court was precluded from reviewing the order is erroneous, for under Sec. 54–7–13, the Commission is granted continuing jurisdiction to rescind, alter, or amend any prior order or decision.

The Legislature plainly intended by this section to confer on the Commission the power to amend its decisions and orders. . . . To hold otherwise would seem to eliminate the possibility of the Commission correcting inadvertences or errors at a later time as the statute provides.[4]

The parties and the Commission have all proceeded under the assumption the initial order had the effect of a judgment, the matter was res judicata, and the only avenue to provide relief was Rule 60(b), U.R.C.P.

In *Cantlay & Tanzola, Inc. v. Public Service Commission* [5] the protestants took a like position urging the Commission's denial of a prior application, for a contract carrier permit, was res judicata. Thus, it was binding on the Commission in a subsequent proceeding. This court responded:

. . . The doctrine of res adjudicata applies only to judicial decisions and a hearing before this Commission does not conclude such rights of the parties that it is deemed to be exercising a judicial function as that term is construed in reference to the courts. . . .

*Sale v. Railroad Commission* [6] involved a procedural issue substantially similar to the one we now view. There the Commission approved a transfer of operating rights from one trucking company to the other. A year later, several competitors of the applicant filed a petition to reopen the transfer proceedings for the purpose of determining whether the former order should be rescinded. The Commission refused to rescind the order. On appeal, the Commission urged its order was final, as no petition either to rehear or to review the decision authorizing the transfer of operative rights was filed within the time limited in Sections 66 and 67 of the Public Utilities Act. The court responded:

It is true that the commission's decisions and orders ordinarily become final and conclusive if not attacked in the manner and within the time provided by law. [Citations] This is not to say, however, that such a decision is res judicata in the sense in which that doctrine is applied in the law courts. [Citations] The commission has continuing jurisdiction to rescind, alter or amend its prior orders at any time. . . .[7]

---

2. 99 Utah 28, 35, 96 P.2d 722 (1939).

3. *Clemmons v. Railroad Commission,* 173 Cal. 254, 159 P. 713 (1916); *Carlson v. Railroad Commission,* 216 Cal. 653, 15 P.2d 859 (1932); *Albin v. Railroad Commission,* 216 Cal. 655, 15 P.2d 860 (1932).

4. *Union Pacific Railroad Co. v. Public Service Commission,* 5 Utah 2d 230, 233–234, 300 P.2d 600 (1956).

5. 120 Utah 217, 222–223, 233 P.2d 344, 346 (1951).

6. 15 Cal.2d 612, 104 P.2d 38 (1940).

7. At pp. 40–41 of 104 P.2d.

The court explained the Commission had the power to reopen its prior decisions upon a showing of mistake or newly discovered evidence.[8]

In 2 Davis, Administrative Law Treatise, Sec. 18.09, p. 606, we find:

Every tribunal, judicial or administrative, has some power to correct its own errors or otherwise appropriately to modify its judgment, decree, or order. Courts from time immemorial have enjoyed a plenary power to modify their action during the term of court when the judgment or decree is rendered. . . . This somewhat indefinite continuing jurisdiction of a court ends at the point where res judicata begins (except that res judicata for purposes of a second proceeding in another tribunal may begin at an earlier point).

The problem of the extent to which administrative agencies have and should have continuing jurisdiction to reverse or to modify their own orders is often complex and difficult. Sometimes the answer is found in express statutory provisions, which prescribe either indefinite or fixed periods of time. . . .

Section 1708, Pub.Util.C.A., Deerings Calif.Code, has language substantially similar to Sec. 54–7–13. In *Northern California Association To Preserve Bodega Head and Harbor, Inc. v. Public Utilities Comm.*[9] the court said a petition under Section 1708 of the Public Utilities Code is regarded as an appeal to the Commission to exercise its discretion, and a proper exercise of that discretion is not subject to judicial review.

ELLETT, J., concurs.

CROCKETT, Justice, concurring, with comment.

I concur but add this comment:

I do not agree with the generality from the case of *Cantlay and Tanzola v. Public Service Commission* (footnote 5, main opinion) that res judicata applies *only to judicial decisions* and does not apply to those of the Public Service or other administrative bodies. It is accurate as applied to that case; and it reflects what is sometimes stated to be the general rule, but it will actually be found to apply to particular fact situations in cases cited to support it.

The basis of such a general statement undoubtedly arises from the fact that the situation with respect to carriers and other public utilities is so often a constantly changing one. However, if the fact situation and the legal issues are exactly the same, I see no reason why a decision of the Commission should not be res adjudicata as to such facts and issues, the same as in any other legal proceeding; and there are good and sufficient reasons why the parties should not be permitted another, and what could be indefinitely repeated other trips on a merry-go-round of the same litigation. See *U. S. v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642; *Hollywood Circle v. Dept. of Alcoholic Bev. Com.*, 55 Cal.2d 728, 13 Cal.Rptr. 104, 361 P.2d 712.

WILKINS, J., concurs in the views expressed in the concurring opinion of Mr. Justice Crockett.

HENRIOD, C. J., does not participate herein.

---

**8.** Also see *Paradise v. Pennsylvania Public Utility Commission*, 184 Pa.Super. 8, 132 A.2d 754 (1957).

**9.** 61 Cal.2d 126, 37 Cal.Rptr. 432, 390 P.2d 200 (1964).