335 P.2d 829

**SALT LAKE TRANSFER COMPANY, and Ashworth Transfer, Inc., Plaintiffs,**

v.

**BARTON TRUCK LINE, INC.; Salt Lake-Kanab Freight Lines, Inc.; Milne Truck Lines, Inc.; Magna-Garfield Truck Line and Carbon Motorway, Inc., and Public Service Commission of Utah, Defendants.**

No. 8901.

Supreme Court of Utah.

Feb. 27, 1959.

4. See Wigmore 3rd Ed., Secs. 1788 and 1789.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for plaintiffs.

E. R. Callister, Jr., Atty. Gen., Raymond W. Gee, Gary L. Theurer, Asst. Attys. Gen., J. Reed Tuft, Lybbert & Marshall, Skeen, Worsley, Snow & Christensen, Salt Lake City, for defendants.

CROCKETT, Chief Justice.

Plaintiffs challenge the construction the Public Service Commission places upon their grants of authority (Certificates of Convenience and Necessity) to operate as common motor carriers. The Commission sustained the complaint of Barton Truck Line charging plaintiffs with improperly

instituting carrier service for general commodities between points already served by Barton in Salt Lake and Tooele Counties.

Plaintiffs claim their authority under certificates issued in 1939 and 1943. So far as material here, they are in the same language, authorizing them to transport:

"1. Commodities which, by reason of their size, shape, weight, origin or destination require equipment or service of a character not regularly furnished by common carriers * * * such as * * *: gasoline tanks, boilers, * * * bridges, * * * concrete mixers, * * * explosives, * * * harvesters, * * *; locomotives * * * but shall not include plumbing supplies, lumber, store and shop furniture and fixtures and like materials which might well be handled by other carriers. * * *

"2. Commodities * * * [requiring] * * * special service in preparing * * * for shipment or setting up after delivery or otherwise rendering a needed service not a part of the ordinary act of transporting and not now regularly furnished by other regular common carriers. * * *"

It will be noted that the above language does not purport to grant a regular route carrier authority, but a particular type of authority to make hauls of an unusual or sporadic character requiring a specialized service which has to arise from the existence of one or both of two factors: the one relates to the physical characteristics of the commodity: the size, shape, weight or nature; the other to the route over which the haul is made, i. e., because of the point of "origin or destination" requires some equipment or service not regularly furnished by common carriers.

There is no dispute here about the plaintiffs' authority to haul commodities classified under the first category, requiring specialized service because of their physical properties. Our problem relates to the type of haul authorized because of specialized service based upon the route over which the haul is made. This depends upon the meaning to be given the following language excerpted from the certificate:

"Commodities which by reason of their * * * *origin or destination* require equipment or service * * * not regularly furnished by common carriers." (Emphasis added.)

Plaintiffs focus attention closely upon the emphasized language, contending that it grants them authority to haul merchandise of any kind between all points in the state so long as either terminus of the haul was not served by regular carriers on the dates their certificates were issued. They thus attempt to parlay this language into authority to establish carrier service for general commodities into all areas of

the state as such service becomes necessary so long as no carrier service existed upon said dates.

We do not gainsay the correctness of the rule set forth in Peterson v. Public Service Commission,[1] relied upon by plaintiffs; that the extent of the carrier's authority is to be found from the terms of the certificate. We there said that it is not permissible, "to go back of the language and contradict its *plain* terms * * *." However, that is only one side of the coin. The other is that when the language is reasonably susceptible of different interpretations it can only be properly understood in the light of existing circumstances and the purpose behind it. We are unable to see any particular merit in plaintiffs' contention, but if there be any, this case is a good example of the necessity of looking to the background and character of the grant to determine the rights existing thereunder.

Guided by the principle just stated, the commission rejected the plaintiffs' pretention to the broad coverage they claim. Its view is that the plaintiffs' authority based on "origin or destination" is of a nature similar to that based on the physical properties of the commodities. That is, they can perform hauls of a sporadic or unusual nature and thus fill in the interstices where no regular common carrier service exists. The Commission's position is that as the areas of the state develop, it then considers the public convenience and necessity for regular carrier service and authorizes it as it becomes justified, which then obviates the necessity of the special type of service these plaintiffs render in areas where no regular carrier service exists.

The correctness of the Commission's interpretation seems patent. Plaintiffs' claim is unrealistic because under their theory they would have carte blanche to keep expanding their common carrier service into new areas of the state as they develop. This would be inconsistent with the theory and historical pattern of the handling of carrier authority, over which it is the prerogative and the responsibility of the Commission to maintain supervision and control, and to authorize the initiation of such new services as public convenience and necessity warrants. To fulfill this function it is imperative that the authority of such carriers conform to limitations set forth in their certificates. And the existence of the nebulous, ever expanding type of authority plaintiffs insist upon would be inimical to that objective.

The order made finds further support in the doctrine of administrative interpretation: that where the grant is open to doubt or uncertainty, some weight is to be given to the interpretation and

1. 1 Utah 2d 324, 266 P.2d 497, at page 499.

application the commission has made. Further implementing this conclusion is the fact that the plaintiffs themselves have heretofore conformed their operations with the Commission's interpretation, and have acquiesced therein by, in some instances, seeking additional authority for certain hauls which it would not have been necessary to seek if their present contentions were correct.

Order affirmed. Costs to defendants.

WADE, WORTHEN and McDON-OUGH, JJ., concur.

HENRIOD, J., concurs in result.