396 P.2d 404

CONTINENTAL BUS SYSTEM et al.,
Plaintiffs,

v.

PUBLIC SERVICE COMMISSION of Utah,
and Wycoff Company, Incorporated,
a corporation, Defendants.

No. 10107.

Supreme Court of Utah.

Nov. 10, 1964.

Skeen; Worsley, Snow & Christensen, Salt Lake City, for plaintiffs.

A. Pratt Kesler, Atty. Gen., H. Wright Volker, Asst. Atty. Gen., Allen M. Swan, Salt Lake City, Wayne C. Durham, Salt Lake City, for defendants.

WADE, Justice.

Plaintiffs sought to have the Public Service Commission vacate a temporary permit granted the Wycoff Company, Incorporated, to transport contractors' and machinery dealers' repair parts, supplies and equipment between all points and places in the state of Utah. This appeal is from the denial of the Public Service Commission to grant an order vacating such temporary permit.

From the record it appears that the Wycoff Company is a common carrier of items. limited to 100 pounds per shipment and 500 pounds of express on any one authorized schedule. On May 31, 1961, the Commission issued the Wycoff Company a temporary permit for 60 days authorizing it to transport "contractors' repair parts, supplies and equipment, in emergency shipments to repair or job locations" in amounts. which might occasionally exceed the 100 and 500 pounds limitation of its general authority. The Commission has issued the Wycoff Company such 60-day temporary permits consecutively from that date until the filing of plaintiff's complaint, January 22, 1963, and we suppose is continuing to do so.

Plaintiffs contend 1) that the temporary permits given the Wycoff Company granted "common carrier" rights and was beyond the jurisdiction of the Commission to give under the provisions of Section 54–6–10, U.C.A.1953, which states that temporary permits for a period not to exceed 60 days may be issued without a hearing by the Commission to contract motor carriers and 2) that the issuance of consecutive temporary permits for several years was arbitrary and capricious and tantamount to the issuance of permanent authority without a hearing as required by law.

We deem it unnecessary to determine whether the temporary permits were for "common carrier" or "contract carrier" rights under the facts of the instant case, because we are of the opinion that the plaintiffs' second contention is well taken. The record does not disclose any general emergency necessitating the granting of temporary permits extending over a period of years, even if it could be found that the Commission had authority to grant temporary permits to common as well as contract carriers. It should be remembered the Public Service Commission regulates both common and contract carriers for the benefit of the public and are "charged with the duty of seeing that the public receives the most efficient and economical service possible."[1] In order to efficiently fulfill this service, it is apparent that within a reasonable period of time a hearing should be granted to all interested parties to the end that the Commission can be fully informed of all facts necessary to enable it to act in granting or withholding authority to an applicant.

The grants of consecutive temporary permits for a number of years without any endeavor within that time to hold a hearing at which facts could be presented as to the necessity or public convenience of the service granted were arbitrary and capricious acts, even though the Commission undoubtedly believed it was acting in the best interest of those who had expressed a desire for Wycoff's service. The very fact that the permits are considered to be temporary in nature indicates that its duration should be short, and if the service is desired to be extended over a period of years, a hearing to determine its necessity should be held.

The order granting the last temporary permit is hereby set aside. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

---

1. Lake Shore Motor Coach Lines, Inc. v. Bennett, 8 Utah 2d 293, on page 296, 333 P.2d 1061, on page 1063.