420 P.2d 264

Joseph M. LEWIS, Executor of the Estate of Orson Lewis, etc., Plaintiffs,

and

Barton Truck Line, Inc., et al., Plaintiffs,

and

Garrett Freightlines, Inc., et al., Plaintiffs,

v.

WYCOFF COMPANY, Incorporated, and Public Service Commission of Utah, Defendants.

Nos. 10351, 10357, 10360.

Supreme Court of Utah.

Nov. 22, 1966

McCarthy & Warr, Irene Warr and Dan B. Shields, Salt Lake City, for plaintiff Joseph M. Lewis, and others.

Gustin & Richards, William S. Richards, Salt Lake City, for plaintiff Barton Truck Line, Inc., and others.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiff Garrett Freightlines, Inc., and others.

Harry D. Pugsley, Salt Lake City, for defendant Wycoff Co., Inc., Phil L. Hansen, Atty. Gen., Salt Lake City, for Public Service Commission of Utah, defendant.

CROCKETT, Justice:

We are asked to reverse an order of the Public Service Commission granting an increase of authority of Wycoff Company, Inc., as a common carrier to include emergency shipments of contractor's supplies, equipment or parts weighing less than 1,000 pounds between all points in Utah.

Wycoff has for some years operated an express service for smaller shipments of commodities such as newspapers, mail, drugs, cut flowers, and motion picture films, over most of the principal highways of the state.[1] In 1960 Wycoff applied to increase its authority by removing the then existing weight limitation of 100 pounds per shipment and of 500 pounds total on any schedule. Thereafter the Commission followed a policy of granting Wycoff successive temporary permits to haul emergency shipments until other carriers protested by petitioning the Commission to vacate one such permit and to cease granting them. Upon denial of the petition an appeal was taken to this court. We criticized that practice and indicated that the question of Wycoff's right to render such service should be determined under regular procedure.[2]

After a plenary hearing lasting six days, in which all interested parties participated, the Commission issued the order we here review which allows Wycoff to transport:

* * * emergency shipments of contractor's supplies, contractor's equip-

---

1. For recent cases dealing with Wycoff see: Continental Bus Sys. v. Public Service Comm., 16 Utah 2d 87, 396 P.2d 404; Wycoff Co. v. Public Service Comm., 13 Utah 2d 123, 369 P.2d 283; Lake Shore Motor Coach Lines, Inc. v. Bennett, 8 Utah 2d 293, 333 P.2d 1061.

2. Continental Bus Sys. v. Public Service Comm., see footnote 1.

ment, or parts thereof, in a scheduled service * * *

[but it excludes] commodities which because of size or weight require special equipment, * * * 3

[and also excludes] any shipment weighing in excess of 1,000 pounds.

The criticisms which the protesting carriers make of this order are not unfamiliar in cases of this kind: that the evidence does not justify the finding of public convenience and necessity for the proposed service because existing services offered by them are adequate; that the granting of the new authority will hazard their continuance; and that the order is too vague and indefinite to constitute a proper grant of authority.

It is neither necessary nor desirable to go into any more detail than the following generalizations concerning the evidence in this voluminous record. As would seem neither unnatural nor unexpected, the evidence of the various protesting carriers was to the effect that the services they offer are efficient, economical and entirely adequate to meet the needs of the public. On the other hand, the applicant's evidence, supported by the testimony of numerous contractors, showed facts indicating the need for the additional service this order authorizes to Wycoff: that when they are engaged in construction projects,

which are necessarily at various and sometimes remote areas in the state, there often arise emergency needs for equipment, or for parts relating thereto. Delay in getting them may result in shutting down a project or the impairment of efficiency, causing the waste of time of men and equipment and consequent economic loss.

Upon the basis of this conflicting evidence the Commission found that there existed a public need for the proposed service; that because of the nature of Wycoff's operation carrying items requiring express service on two schedules a day to most places in the state, it was best qualified to meet this need; and consequently issued the order increasing its authority to the extent above indicated.

■ In regard to the clarity of the order: it must be sufficiently clear and definite that persons of ordinary intelligence should be able to understand its meaning and how to conform their conduct to it. We appreciate that the writing of an order of the character here in question presents some difficulty in meeting that standard, yet remaining general enough to accomplish the purpose of covering the type of emergency service it deals with, and meanwhile guarding against undue intrusions into the business of other regular carriers. The Commission seems to have been fully appreciative of this problem and to have

---

3. Authorized to other carriers see Salt Lake Transfer Co. et al. v. Barton Truck

Line, Inc. et al., 8 Utah 2d 401, 335 P.2d 829.

made a commendable effort to deal with it. Concerning these emergency shipments for contractors, the order contains these further refinements:

> The phrase, "contractor's supplies, contractor's equipment, or parts thereof", used in this order shall be construed as meaning the supplies and equipment, and parts thereof which a contractor utilizes in the performance of his work; it does not include materials or supplies which the contractor might use or consume in the course of his work or which become a part of any construction. At the time of any shipment the ultimate user must have been identified as a contractor, or the intended use of the commodities by a contractor fixed, in order to fall within the phrase heretofore defined, and the transportation herein authorized.

■■ It is not our prerogative to pass upon the wisdom of the Commission's decision. It is charged with the responsibility of general supervision and regulation of the common carriers of this state and of seeing that the public receives the most efficient and economical service possible.[4] This requires consideration not only of the immediate advantage that may inure to some members of the public and/or to the applying carrier, but also of the long-range needs of safeguarding the economic stability and continuity of existing services.[5] The power with which the Commission is invested to perform this duty is, of course, not arbitrary. It must be exercised with reason and within the scope of the authority given it by law. The assurance that it does so is safeguarded by the right of review by this court.[6]

■ Due to the responsibility imposed upon the Commission, and its presumed knowledge and expertise in this field, its findings and order are supported by certain well-recognized rules of review: They are endowed with a presumption of validity and correctness; and the burden is upon the plaintiff to show that they are in error. We survey the evidence in the light most favorable to sustaining them; and we will not reverse unless there is no reasonable basis therein to support them so that it appears that the Commission's action was capricious and arbitrary.[7] From what we have said above it should be apparent that we have found no such error in the exercise of the Commission's authority, nor any vagueness or ambiguity in the order which would justify its reversal.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CALLISTER and TUCKETT, JJ., concur.

---

4. Sec. 54–6–4, U.C.A.1953.
5. See Lake Shore Motor Coach Lines, Inc. v. Bennett, footnote 1.
6. Sec. 54–7–16, U.C.A.1953.

7. Rudy v. Public Service Comm., 1 Utah 2d 223, 265 P.2d 400; Ashworth Transfer Co. v. Public Service Comm., 2 Utah 2d 23, 268 P.2d 990.