422 P.2d 530

**UTAH GAS SERVICE COMPANY,**
a corporation, Plaintiff,

v.

**MOUNTAIN FUEL SUPPLY COMPANY,** a corporation, and Public Service Commission of Utah, Defendants.

No. 10624.

Supreme Court of Utah.

Jan. 16, 1967.

Gustin & Richards, Salt Lake City, for appellant.

B. Z. Kastler, Jr., John Crawford, Jr., Glen M. Hatch, Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Utah Gas Service Company seeks reversal of an order of the Public Service Commission which grants defendant Mountain Fuel Supply Company authority to extend its natural gas distribution system to serve Bonanza, Uintah County, and rejects the counter-petition of plaintiff that it be allowed to provide this service.

Bonanza is a small mining town about 45 miles southeast of Vernal, near the Colorado border. American Gilsonite Company owns all of the buildings and other facilities therein, about 52 units, all of which are used in mining gilsonite and in housing and servicing the workers stationed there. There had been some interest in obtaining natural gas service since 1952, when it was first discovered near there, but nothing was done about acquiring it until just before this proceeding was initiated. It seems to have been sparked by the fact that Mountain Fuel Supply Company was building a pipeline and facilities co-ordinate

thereto for the transportation of natural gas from Rangely Field in western Colorado to Utah, which pipeline passed within about a mile of Bonanza. Inquiries were made by officials of the American Gilsonite Company by telephone and by letters to the Public Service Commission dated September 22 and November 16, 1965. Meanwhile, between those dates, on October 19, 1965, Mountain Fuel Supply filed an application with the Commission for authority to serve Bonanza and vicinity. The plaintiff filed its objection and counter-petition, requesting that it be given the right to render such service and that the Commission order Mountain Fuel Supply to furnish it gas at wholesale, which it would in turn retail through a distribution system it would establish at Bonanza.

Plaintiff complains about the lateness of the time and the manner of notice it received. In regard thereto we make these observations:

In proceedings before an administrative agency what a party is entitled to is to be treated with fairness: to have the opportunity to prepare and present his case and his contentions with respect thereto;[1] and to have an adjudication in conformity with the law; and the decisions of the Commission will not be overturned because of irregularities of procedure from which there is no substantial prejudice or adverse effect. The matters plaintiff complains of are not of any such consequence. It in fact received notice, filed its protest and counter-petition; and was in no way limited or prevented from full participation in the proceedings.

The distribution and sale of natural gas for heating and other domestic and commercial uses is comparable to electrical, telephone, transportation and certain other services where duplication of facilities would be so wasteful and impractical that the law provides for the granting of monopolistic franchises,[2] as a consequence of which such utilities are deemed to submit to regulation by public authority, which in a measure, substitutes for the controls usually imposed upon business by free competition. Under our law the Public Service Commission is charged with the responsibility of granting franchises and regulating such utilities in the public interest. It is necessarily endowed with considerable latitude of discretion to enable it to accomplish that purpose.

The plaintiff's challenge to the Commission's order here as an abuse of discretion is grounded primarily upon its contention that the right to distribute gas to Bonanza

1. Cf. Taylor v. E. M. Royle Corp., 1 Utah 2d 175, 264 P.2d 279; Morris v. Russell, 120 Utah 545, 236 P.2d 451, 26 A.L.R.2d 947.

2. See Sec. 54-4-25 U.C.A.1953.

is included in an order made by the Commission in March of 1956 granting it the authority to provide natural gas service to the cities of Moab, Monticello and Vernal in the same general area in eastern Utah and that the order contained the following recital:

IT IS FURTHER ORDERED, That Utah Gas Service Company, a corporation, without obtaining additional authority therefor, may build additional distribution facilities in the counties of San Juan, Grand, and Uintah where there is a demand for natural gas service and which may be economically served.

■■ There are several considerations which argue against the plaintiff's position that the above order would give it a vested and exclusive right to render such service in the whole of the three counties mentioned, and particularly Uintah County. The foremost of these is that the responsibility imposed upon the Public Service Commission of enfranchising and regulating utilities in the public interest is a continuing one which should not be hampered or impaired. Reflection upon the changing conditions of growing populations and communities will reveal the unwiseness and the impracticability of assuming that the Commission intended to grant sight unseen a permanent and exclusive franchise for the indefinite future for an area as extensive

as these three counties by any such general recital as that relied upon by the plaintiff, which was apparently coincidental to the real issue in that proceeding.

■ The safeguarding of the Commission's prerogatives and of the public interest requires that its orders be construed as passing only upon the issues before it; and that its jurisdiction be recognized as continuing so that when its authority is properly invoked it may make such subsequent orders as the public interest may require. Consistent with the foregoing, it is a sufficient answer to the plaintiff's contention that in the prior proceeding the issue was as to the right to render service to Moab, Monticello and Vernal, and there was no issue tried or presented as to whether gas service should be rendered to Bonanza, nor as to who would furnish it.

■ In addition to the foregoing disposition of the critical issue in this case: the plaintiff's contention of preference based on the prior order, these further observations are pertinent: as between rival applicants for the right to render such a service, the Commission must take into account not only the advantage it would be to an applicant such as plaintiff to enlarge its operation, but its higher duty to appraise all of the aspects of the public interest as stated above, including which proposal gives

the best prospect for the institution and maintenance of an efficient, stable, continuous and economical service.[3] One important fact here is that the defendant Mountain Fuel Supply already has a supply of natural gas in a pipeline which passes within about a mile of Bonanza, which advantage the plaintiff does not possess.

When the Commission, in performing its duties has given consideration to pertinent facts and has made its findings and decision, they are endowed with a presumption of validity and correctness. In accordance with the recognized prerogatives of the trier of the facts, on appeal the evidence is viewed in the light most favorable to sustaining them; and the decision will not be reversed unless when the evidence is so viewed, there is no reasonable basis to support the Commission's action, so that it thus appears to be capricious and arbitrary,[4] a situation which is not shown to exist here.

The conclusion we have reached renders it unnecessary to consider the further problem presented by plaintiff's contention that the Commission should order Mountain Fuel Supply to furnish it with gas for its proposed distribution in Bonanza.[5]

Affirmed. No costs awarded.

CALLISTER, TUCKETT, and HENRIOD, JJ., concur.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

3. See Mulcahy v. Public Service Commission, 101 Utah 245, 117 P.2d 298; Lake Shore Motor Coach Lines, Inc. v. Bennett, 8 Utah 2d 293, 333 P.2d 1061.

4. Lewis v. Wycoff Co., 18 Utah 2d 255, 420 P.2d 264.
5. Cf. Utah Power & Light Co. v. Pub. Serv. Comm., 122 Utah 284, 249 P.2d 951.