430 P.2d 171

**UTAH PARKS COMPANY, a corporation, Plaintiff,**

v.

**KENT FROST CANYONLAND TOURS, a corporation, and Public Service Commission of Utah, Defendants.**

**Mitchell M. WILLIAMS, dba Tag-A-Long Tours, Plaintiff,**

v.

**KENT FROST CANYONLAND TOURS, a corporation, and Public Service Commission of Utah, Defendants.**

Nos. 10635, 10636.

Supreme Court of Utah.

July 10, 1967.

A. U. Miner, Gustin & Richards, Salt Lake City, for plaintiffs.

Van Cott, Bagley, Cornwall & McCarthy, Phil L. Hansen, Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Chief Justice:

Plaintiffs seek to reverse an order of the Public Service Commission which modified the prior authority of defendant, Kent Frost Canyonland Tours, by eliminating restrictions as to points of pickup and discharge of passengers in its tours of scenic and wilderness in Southern and Eastern Utah.

Prior to this amendment Frost's certificate allowed transportation of passengers and their baggage for charter trips and sight-seeing purposes off the main highways in the counties of Grand, San Juan, Emery, Wayne, Garfield, Kane, Iron and Washington, but required the tours to originate and terminate at the towns of Monticello, Blanding, Moab, Thompson, Greenriver or from Cave Springs or Squaw Springs. Pursuant to plenary hearing and consideration of the issues, the Commission removed the restrictions as to origin and termination, and allowed pickup or discharge of customers anywhere in the areas served.

Plaintiff's objections to the amendment liberalizing Frost's authority are based on these grounds: that it fails to protect existing services; that there is insufficient evidence to show public convenience and necessity; and that the findings and order are based on hearsay and incompetent evidence.

There is a reasonable basis in the record to justify the position taken by the Commission that because of the increasing tourist trade in the area served and the increasing need for pickup and discharge of customers at points other than the former points of origin there exists a necessity for the change made in the order. The Commission made reference to the fact that this had been done for several other carriers rendering this type of service. A number of them, including one of the plaintiffs, recently involved in cases before the Commission, had unitedly advocated that with the facility of modern transportation to and from practically all points on regular highways, persons offering guided wilderness tours need to offer flexibility in pickup and discharge of passengers in order to satisfy the requirements of the public.

Plaintiffs' main complaint about evidence is that the Commission could not properly consider findings and orders in other cases before it. They cite Los Angeles & Salt Lake R. R. Co. v. Public Utilities Commission, 81 Utah 286, 17 P.2d 287. That case dealt with the Commission taking notice of matters which were neither called to its attention nor introduced into the record. In Utah Power & Light v. Public Service Commission, 107 Utah 155, 152 P.2d 542, it was made clear, in ac-

cordance with established authority, that if the record in the other case is called to the attention of the Commission so that it is in effect made part of the record in the case being heard, which thus gives notice to adverse parties and allows them an opportunity to meet it, it may be considered as evidence. That was done here. Accordingly the plaintiffs have no valid basis for complaint. Other questions relating to rulings on evidence have been considered and we do not regard them as of any significant importance.

■ We have often stated that it is not within our province to pass upon the wisdom of the Commission's decision. See Lewis v. Wycoff, 18 Utah 2d 255, 420 P.2d 264. It has both the prerogative and the responsibility of deciding questions relating to the regulation of carriers within this state for the purpose of seeing that the public receives the most efficient and economical service possible. We perceive nothing to persuade us that the Commission has acted contrary to this duty, or in excess of its authority, or that its action was capricious or arbitrary.

Affirmed.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.