464 P.2d 582

**ARMORED MOTORS SERVICE, Plaintiff,**

**v.**

**PUBLIC SERVICE COMMISSION of Utah, Donald Hacking, Hal S. Bennett and Donald T. Adams, Commissioners of the Public Service Commission of Utah, and Frank J. Terry, dba Bus Express Pickup and Delivery Service Company, Defendants.**

**No. 11672.**

Supreme Court of Utah.

Jan. 28, 1970.

Stuart L. Poelman, of Worsley, Snow & Christensen, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., H. Wright Volker, Asst. Atty. Gen., Irene Warr, Salt Lake City, for defendants.

CROCKETT, Chief Justice:

Plaintiff Armored Motors Service seeks to reverse an order of the Public Service Commission which enlarges previously existing authority of Frank J. Terry, dba Bus Express Pickup and Delivery Service Company to provide common motor carrier delivery service in specified areas in Salt Lake and south Davis Counties. We affirm.

Under previously issued contract carrier permits and certificates of convenience and necessity, Terry had authority to pick up and deliver packages not over 150 pounds to and from bus terminals in Salt Lake County; to serve Chevrolet Division of General Motors; and to transport certain parcel post and mail. In June of 1968 he initiated this application to expand his common carrier right to include shipments of 50 pounds or less between all points within Salt Lake, Davis, Utah and Weber Counties.

During the course of the hearing before the Commission the application was voluntarily limited by the applicant to meet a number of the objections of protesting carriers and at the conclusion thereof the Commission made findings and an order granting the right to:

Transportation of general commodities by motor vehicle over irregular routes between all points and places in Salt Lake County, and all points and places in the area of Davis County south of the junction of U. S. Highways 89 and 91 just north of Farmington, Utah, save and except * * * that part of Salt Lake County which lies west of 4800 West and south of 1300 South but * * * include the town of Kearns, Utah, provided further; that no service * * * of any package or article weighing more than 50 pounds or exceeding 108 inches in length or girth combined, and each package or article shall be considered as a separate and distinct shipment; and further provided, that no service * * * of packages or articles weighing in the aggregate more than 100 pounds from one consignor at one location to one consignee at one location on any one day; and * * *. [Lists restrictions not necessary to detail here.]

Armored Motors Service, which is the only protestant seeking this review, holds a somewhat similar authority in Salt Lake County (none in Davis), but its package limit is 100 pounds. It urges that under the evidence the Commission should have found: that there were adequate existing services; that as a consequence thereof there was not shown any necessity for additional services; that accordingly, the order was unjustified and impractical because it did not properly take into account that it would be both economically unsound for the applicant and detrimental to the interests of existing carrier services.

We are neither unaware nor unappreciative of the force of the argument advanced by the plaintiff that in conformity with the statutory admonition to the Commission to " * * * supervise and regulate all common motor carriers * * * so as to insure adequate transportation services * * * and so to prevent unnecessary duplication of service. * * * "[1] it should exercise caution in granting new authority, nor that it would be ill-advised and improvident to allow the initiation of new services which would so infringe upon other carriers as to impair, or to hazard the continuance of existing services. However, correlative to the foregoing, it must also be realized that the legislature has given the Commission the responsibility for the overall planning and regulation of certain public services, in-

[1]. See Sec. 54-6-4, U.C.A.1953, Powers and Duties of Commission.

cluding transportation.[2] Because that is the purpose for which the Commission was established and functions, it is assumed to have specialized knowledge and expertise in that field. Consequently it is accorded comparatively broad prerogatives in carrying on investigations and making determinations in the discharge of its duties. For these reasons its findings and orders are endowed with the presumptions of verity; and upon appeal to this court we assume that the Commission believed those aspects of the evidence which support its findings and we review the record in the light most favorable to them.[3]

■ From the testimony of various shippers it appears that there is available a substantial amount of transportation business in these small, less than 50-pound shipments, for which existing services are not adequate. Further, the deficiencies which exist can be alleviated by the somewhat different proposed service of the applicant Terry. He will offer a direct pickup and delivery service from shipper to consignee; a daily route as needed for that purpose; an interconnection with other transportation services; the use of a distribution warehouse; and what is termed a "stop charge" credit plan. There is also evidence to support the Commission's find-

ing contrary to the protestant's contention as to the financial effect this new service will have upon the parties.

■■ Plaintiff's final contention is that the action of the Commission was improper because it did not have a complete transcript of the evidence before it in reaching its decision. This contention is without merit. What a party is entitled to is a full and fair opportunity to present his evidence and contentions on the issues; and to have an adequate consideration and a correct determination of them. But if the findings and order are correct it is not his prerogative to dictate or to complain about internal method of procedure by which the tribunal arrives at its findings and conclusions.

■ Our statutes clearly indicate an awareness of how completely impractical it would be for all of the commissioners to hear all of the evidence in all of the proceedings it is required to conduct. Sec. 54–1–3, U.C.A.1953, provides in part:

*Any investigation, inquiry or hearing* which the commission has power to undertake or to hold *may be* undertaken or held by or *before any commissioner* or an

---

2. Sec. 54–7–16, U.C.A.1953. See statement in Lewis v. Wycoff Co., 18 Utah 2d 255, 420 P.2d 264.

3. See Rudy v. Public Service Comm., 1 Utah 2d 223, 265 P.2d 400; Ashworth Transfer Co. et al., v. Public Service Comm., 2 Utah 2d 23, 268 P.2d 990, and other cases cited therein.

examiner appointed by the commission * * * [which] * * * shall be deemed the investigations, inquiries, and hearings of the commission; and *all findings, orders, or decisions made by a commissioner* or an examiner * * * *when approved* and confirmed *by the commission* and filed in its office, *shall be deemed the findings, orders, or decisions of the commission * * *.* [Emphasis added.]

This procedure was followed in the instant case. At least one of the commissioners was present at the hearings. There is no more necessity nor requirement that there be a complete transcription of all of the evidence in a case prior to the Commission rendering its decision than there would be that a district judge must have a transcript of the evidence before he can render a decision in a case.[4]

We are not persuaded that the Commission was unaware of, or that it disregarded its responsibilities, nor that its action was capricious, arbitrary or unreasonable.

Affirmed. Costs awarded to defendant, Frank J. Terry.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

4. This situation differs from Lewis Bros. Stages, Inc. v. Public Service Comm., 22 Utah 2d 287, 452 P.2d 318, as to

review by Supreme Court with insufficient record.