476 P.2d 178

**LAKE SHORE MOTOR COACH LINES, INC., Greyhound Lines, Inc., Continental Trailways Bus System, Inc., American Bus Lines, Inc., Denver-Salt Lake-Pacific Stages, Inc., and Armored Motor Service, Plaintiffs;**

v.

**PUBLIC SERVICE COMMISSION of Utah, et al., and Wycoff Company, Incorporated, Defendants.**

No. 11945.

Supreme Court of Utah.

Oct. 28, 1970.

Wood R. Worsley, Stuart L. Poelman, Worsley, Snow & Christensen, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Harry D. Pugsley, Salt Lake City, for defendants.

TUCKETT, Justice:

This is an original proceeding to review an order of the Public Service Commission. A Certificate of Convenience and Necessity issued by the Commission on January 21, 1958, granted to Wycoff authority to transport general commodities of 100 pounds or less in weight in express service between all points and places in Utah, except between Salt Lake City and Ogden, Park City, Bingham Canyon, Tooele and Wendover, and intermediate points, but subject to the limitation that Wycoff not transport in excess of 500 pounds on a weight basis of express items in any one schedule. The schedules above referred to were to coincide with the movement of certain daily newspapers published in Salt Lake City, and the United States mail.

Wycoff filed a new application seeking to expand its express authority so as to remove the 500-pound per schedule restriction; to eliminate the requirement that express schedules coincide with the movement of newspapers and the United States mail; and to remove the territorial restrictions named in the prior authority. The effect of the proposed new authority would provide a single carrier authority between all points and places within the State and eliminate any interline of the commodities and shipments at Salt Lake City.

After lengthy hearings were had and numerous witnesses were called on behalf of the applicant and the protestants, the Commission made findings to the effect that there was a need for a single carrier express authority to reach the communities and serve the farmers, mines, automotive users, industries, stores and businesses, regardless of origin or destination. The Commission further found that the limitation of express shipments to 500 pounds per schedule resulted in delays inasmuch as shipments tendered in excess of that limit

were of necessity delayed to later schedules. The delays occasioned by the weight limitation resulted in inconveniences and hardships to shippers and consignees. The Commission also found that the restriction of 100 pounds per shipment was a reasonable limitation and was a reasonable demarcation between freight and express shipments.

The Commission was also of the opinion that the general commodity truck lines satisfied shippers' demands on heavier shipments of freight. The Commission was also of the opinion that passenger bus lines were so restricted in some phases of their operations that a deficiency in express service resulted which failed to meet the present and developing business requirements in the areas served by them. The lack of pickup and delivery service, which Wycoff proposes to supply, is a disadvantage to many shippers and receivers. The Commission concluded that the existing express service is inadequate to meet the requirements of the public, and that shippers in Utah should be given an opportunity to utilize a more efficient type of service of express shipments where expeditious delivery is advantageous. However, the Commission denied the requested authority between Salt Lake City and Park City, Tooele, Grantsville and Wendover.

1. Section 54–6–4, U.C.A.1953; Prichard Transfer, Inc. v. W. S. Hatch Co., 21 Utah 2d 106, 441 P.2d 135; Armored

An examination of the record reveals that there is sufficient evidence to support the Commission's findings and it would thus appear that the action of the Commission was not arbitrary or capricious.[1] The order of the Commission modifying the authority of Wycoff in removing restrictions as to the total weight of shipments, territorial restrictions except as noted and the restrictions on scheduling is in the public interest and should be affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

Motors Service v. Public Service Comm., 23 Utah 2d 418, 464 P.2d 582.