480 P.2d 145

UTAH POWER & LIGHT COMPANY, a corporation, Plaintiff,

v.

EMPIRE ELECTRIC ASSOCIATION, Inc., and Public Service Commission of Utah et al., Defendants.

No. 12042.

Supreme Court of Utah.

Jan. 22, 1971.

S. G. Baucom, Robert Gordon, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., H. Wright Volker, Asst. Atty. Gen., Elliott Lee Pratt, Salt Lake City, for respondents.

CROCKETT, Justice:

Plaintiff Utah Power & Light Company, which has had a general grant of authority to render electric utility service in San Juan County dating back many years, seeks to have this court review and correct or clarify an order of the Public Service Commission concerning the right granted the defendant Empire Electric Association to operate an electric service utility in a portion of San Juan County in the general area surrounding Monticello (but excluding it) as particularly described in the certificate and which, in the interest of brevity we refer to as the Empire Certificated Area.

In June of 1969, Empire Electric filed an application to expand the service it was then rendering in San Juan County. Utah Power & Light entered the proceeding as a protestant. Hearings on the application were held by the Commission intermittently from September 3 to October 1, 1969. Consequent thereto, and after having received and considered briefs filed by the parties, the Commission, on January 12, 1970, issued its Report and Order ruling in favor of Empire Electric and granting it a Certificate of Convenience and Necessity to serve the additional portions of San Juan County as requested.

Utah Power now concedes that upon the basis of the evidence presented there was a sufficient showing made to justify the Commission's finding of public convenience and necessity and the issuance of the authority granted to Empire Electric in what we have called "Empire Certificated Area." The problem here arises from the contention of Utah Power that in connection with the grant of that authority, the Commission went beyond the scope of the issues presented in the dispute between these utilities, and took occasion is its Report and Order to make certain recitals concerning the authority which had been granted to Utah Power to serve in San Juan County in 1955 in an apparent attempt to redefine and impose some limitations thereon. It is indeed somewhat anomalous in adversarial litigation, but plaintiff's opponent, Empire Electric, does not disagree with that contention. It seeks only to sustain the Report and Order as to the rights granted it in the Empire Certificated Area.

In the interest of confining the effect of the Commission's order to matters properly before it, that is, the Empire Certificated Area, counsel for the respective parties have devised and filed with this court for its approval the following stipulation with respect to the Report and Order:

The second sentence in the main paragraph on Page 8 thereof, which now reads:

"But said franchise merely permits Utah Power to construct, maintain and operate its lines along and across the roads, highways and public places of San Juan County for the purpose of transmitting and supplying electricity to the county, its residents, and persons and corporations beyond the limits thereof."

[should] be reworded to read as follows: "However, concerning the area for which Empire Electric Association is seeking certification, and the issues raised in this proceeding, the franchise just referred to merely permits Utah Power to construct, maintain and operate its lines along and across the roads, highways and public places of San Juan County for the purpose of transmitting and supplying electricity to the County, its residents, and per-

sons and corporations beyond the limits thereof."

The first sentence of the second paragraph on Page 9, which now reads:

"If Protestant, Utah Power, now seeks to serve San Juan County after having failed to serve it at least in the portions for which Empire seeks certification, it cannot assume such a position unless Utah Power obtains from this Commission a certificate indicating that the public convenience and necessity warrants the granting of this additional authority."

[should] be reworded to read as follows: "If protestant, Utah Power, now seeks to serve that portion of San Juan County, which it has failed to serve and for which Empire seeks certification, it cannot assume such a position unless Utah Power first obtains from this Commission a certificate indicating the public convenience and necessity warrants the granting of this additional authority."

 It was not within the duty or prerogative of the Commission to arrogate into the proceeding and pass upon matters which were not properly included and presented therein.[1] In conformity with

---

1. Utah Gas Service Co. v. Mountain Fuel Supply Co., 18 Utah 2d 310, 422 P.2d 530, "The safeguarding of the Commission's prerogatives and of the public interest requires that *its orders be construed as passing only upon the issues before it; * * *"*; and in the case of W. S.

Hatch Co. v. Public Service Comm., 3 Utah 2d 7, 277 P.2d 809, we said that: "Prichard's Authority could not be augmented in this proceeding wherein he appeared only as a protestant." (Emphasis added.)

this doctrine, and upon the basis of the stipulation of the parties, it is our judgment that the plaintiff should prevail to the extent that we make the following order: Insofar as the order of the Public Service Commission grants the application of the Empire Electric Association to render service in accordance with the area described therein, the order is affirmed; but insofar as it may purport to go beyond the issues before it and limit or adversely affect any previously existing rights of the Utah Power & Light Company to render service in the rest of San Juan County, it has no force or effect. No costs awarded.

CALLISTER, C. J., and HENRIOD, J., TUCKETT and ELLETT, JJ., concur.

Callister, C. J., did not participate.