R. W. JONES TRUCKING, INC., Dalgarno Transportation, Inc., and Uintah Freightways, Inc., Plaintiffs,

v.

PUBLIC SERVICE COMMISSION OF UTAH, and B & M Service, Inc., Defendants.

No. 17866.

Supreme Court of Utah.

May 21, 1982.

William S. Richards, Rick J. Hall, Salt Lake City, for plaintiffs.

Mark K. Boyle, Salt Lake City, Raymond M. Kelley, Denver, Colo., for defendants.

SORENSEN, District Judge:

This is a petition for review of an order of the Utah Public Service Commission entered in exercise of its power to regulate common carriers, Section 54–6–1 *et seq.*, Utah Code Ann., 1953, as amended.

Plaintiffs filed a petition with the Public Service Commission for an order directing B & M Service, Inc. (B & M), to cease and desist in the transportation of commodities beyond the scope of its operating authority granted in Certificate # 1966. Later, B & M applied for expanded authority to transport oil field commodities, and these plaintiffs entered that case as protestants. The two cases were consolidated at the Public Service Commission. After the close of B & M's evidence, plaintiffs here moved to dismiss the application case, without waiving their right to put on evidence in the event their motion was denied. The Commission took the motion under advisement, and on May 8, 1981, issued its final report and order without allowing plaintiffs to introduce their evidence. The Commission found that B & M had been operating beyond its territorial limitations, and found other violations connected with tariffs and weights. The Commission found B & M unfit for new authority on the basis of these violations, granted plaintiffs' motion to dismiss, and denied B & M's application for new authority. The Commission also found that B & M had committed certain violations connected with its authority granted in paragraph 4 of its certificate, and found that these latter violations were not willful, but were due to ambiguity in paragraph 4. The Commission further found that the restriction in paragraph 4 was not in the public interest, and that modification of that restriction to remove the ambiguity was in the public interest. Plaintiffs challenge the modification of the restriction in paragraph 4.

By paragraph 4 of Certificate # 1966, B & M had authority to haul:

Machinery, tanks, pipe and oil well drilling mud, *excluding all machinery, equip-*

*ment, tanks and pipe used in oil and gas production, and oil and gas, pipeline installation and transmission.* [Emphasis added.]

The Commission amended that paragraph so that it now reads:

(4) ... machinery, tanks, pipe and oil well drilling mud, excluding all machinery, equipment, tanks and pipe used in oil and gas pipeline installation and transmission.

By its application for new authority (as amended at the hearing), B & M sought authority to transport:

(1) Machinery, equipment, materials and supplies, used in, or in connection with, the discovery, development, production, refining, manufacture, processing, storage, transmission, and distribution of natural gas and petroleum, and their products and by-products except chemicals in bulk ....

These commodities are known as "Mercer Commodities" in the trade. See *T. E. Mercer and G. E. Mercer Extension-Oil Field Commodities*, 74 MCC 459 (1946). In *Mercer*, the I.C.C. described the phases of the oil industry separately, i.e., "discovery," "development," "production," etc., and the commodities required by the oil industry in each phase, together with the kinds of equipment which the carrier needs in order to transport these commodities.

While the Commission's order denied B & M full Mercer authority, B & M's application included a request for authority to transport "production phase" commodities, which it was restricted from hauling by paragraph 4 of Certificate # 1966. The modified paragraph 4 permits B & M to carry such commodities.

Plaintiffs contend that the Public Service Commission has produced an anomalous report and order, inasmuch as it found B & M unfit for new authority and denied its application, but, under the guise of interpretation, granted all of the new authority desired by B & M. Further, plaintiffs argue that they were denied due process as they were precluded from introducing their evidence that the public convenience and necessity does not warrant granting this new authority to B & M. We agree with plaintiffs procedural point.

B & M responds that the Public Service Commission may amend a certificate without a finding of convenience and necessity, and cites *Union Pacific Railroad Company v. Public Service Commission*, 5 Utah 2d 230, 300 P.2d 600 (1956). In that case, this Court observed that though the petition was entitled "Petition to Clarify by Amendment," the notices of hearing clearly stated that the purpose was to determine whether the carrier would be permitted to expand its service. Since all parties participated in the hearing on that basis, this Court found no procedural error. Here, however, plaintiffs were not allowed to introduce any evidence because of the procedure undertaken by the Commission.

We have previously held that a party before the Commission is entitled to "the essential elements of due process of law ... notice, and an opportunity to be heard and defend in an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction of the cause." *Fuller-Toponce Truck Co. v. Public Service Commission*, 99 Utah 28, 96 P.2d 722 (1939). See also, *Armored Motors Service v. Public Service Commission*, 23 Utah 2d 418, 464 P.2d 582 (1970).

Plaintiffs were denied their full opportunity to be heard. The Commission's order is vacated and this cause is remanded for further proceedings consistent with this opinion.[1] No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

HALL, C. J., having disqualified himself, does not participate herein.

---

1. This Court does not express an opinion on any issue other than the procedural question.